# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**DANNY LEE COOK, Jr.**                                                                              **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 4:19-CV-P17-JHM**

**SOUTHERN HEALTH PARTNERS**                                      **DEFENDANT**

## MEMORANDUM OPINION

      Plaintiff Danny Lee Cook, Jr., filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, this action will be dismissed.

## I. SUMMARY OF CLAIMS

      At the time he filed his complaint, Plaintiff was an inmate at the Daviess County Detention Center (DCDC). He names as Defendant Southern Health Partners (SHP), the medical provider at DCDC. He states that on January 25, 2019, he broke his hand and put in a medical request. He states that the next day "medical called me out . . . to ask me what happened." Plaintiff states that he told "her" that his hand was broken. He states that his hand was "swollen and bruised very bad" but "she" told him that it was not broken. He alleges that when he asked her how she knew that, her response was that it was her job to know things like that. He states that he was told that he would receive ibuprofen for five days and, that if it was still swollen and hurting after five days, to put in another request. Plaintiff states that on January 29, 2019, he made another medical request and a different nurse examined him. This nurse told him that his hand looked "very bad" and ordered an x-ray but would not give him anything for pain. It

appears that Plaintiff's hand was x-rayed the next day, on January 30, 2019. He states that on February 2, 2019, "medical" told him that his pinky was fractured. The complaint which was signed on February 7, 2019, states that Plaintiff is still in a lot of pain and cannot use his hand. He also states that he "feel[s] like I am going to have to get surgery on my hand."

As relief, Plaintiff asks for monetary damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff names only SHP as Defendant in this action. Based on the complaint, the Court presumes that SHP is a private entity which contracts with DCDC to provide medical care to inmates. "The Sixth Circuit has held that the analysis that applies to a § 1983 claim against a

municipality applies to a § 1983 claim against a private corporation." *Detwiler v. S. Health Partners*, No. 3:16-cv-P343-DJH, 2016 WL 4083465, at *2 (W.D. Ky. Aug. 1, 2016). When a § 1983 claim is made against a municipality, or in this case a private corporation providing medical services in an institutional setting, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of*

*Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct"). Here, Plaintiff has not alleged that a policy or custom was the moving force behind the allegedly unconstitutional treatment of his broken hand. As such, Plaintiff fails to state a claim against Defendant SHP.

Nor is it necessary to allow Plaintiff to amend his complaint to name the nurse(s) in her/their individual capacity(ies) who allegedly did not provide him medical care. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act]".). Plaintiff states that he broke his hand on January 25, 2019; his complaint is dated February 7, 2019, approximately two weeks after the injury. In that span of time, he was seen twice by a nurse and his hand was x-rayed. Further, he received ibuprofen for the first five days after the injury. Although Plaintiff states that he feels like he will need surgery on his hand, such is only his speculation.

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). A prisoner claiming an Eighth Amendment violation must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective

component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

"Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). In other words, a court generally will not find deliberate indifference when some level of medical care has been offered to the inmate. *Christy v. Robinson*, 216 F. Supp. 2d 398, 413-14 (D.N.J. 2002). Thus, a difference in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnosis or treatment is not enough to state a deliberate-indifference claim. *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996).

Here, Plaintiff only evidences a disagreement with his medical care. *See, e.g.*, *Jennings v. Al-Dabagh*, 97 F. App'x 548, 550 (6th Cir. 2004) ("[Prisoner's] personal opinion that his care was substandard . . . raises claims of state-law medical malpractice, not constitutionally defective medical care indifferent to [prisoner's] serious medical needs."); *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996) (holding that where the fact that prisoner's arm was broken was not readily apparent as it was not swollen and prisoner did receive medical attention in the form of sutures for a cut above his arm and an examination of his arm, prisoner's complaints go only to the adequacy of medical care and do not raise a constitutional issue). Thus, making individual-capacity claims against medical personnel would not state a constitutional claim.

## III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action.

Date: June 21, 2019

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
  Defendant
4414.009